IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| ROBERT MURPHY, ) | CASE NO. 04-47318-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

MEMORANDUM OPINION

The court has held a hearing on "Creditor Tabitha West's Objection to Debtors' Homestead Exemption Claim" (Docket No. 34). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Robert Murphy ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 6, 2004. William E. Heitkamp is the Chapter 13 Trustee.

Prior to 2000, Debtor owned real property at 2619 Areba, Houston, Texas (the "Areba Property"). Debtor testified that, during 2000, he sold the Areba Property to Arnold Rayford, on a contract for deed.

The contract for deed is not in evidence.  Debtor testified that he retained record ownership of the Areba Property, but was obligated to convey it to Rayford, upon Rayford's completion of payments called for under the contract for deed.  He testified that Rayford has not made the payments called for under the contract for deed, and that he has filed suit against Rayford.

Until October 20, 2005, approximately ten months after the date of filing of the petition in the instant Chapter 13 case, Debtor had on file, with the Harris County Appraisal District, documents claiming a residential homestead tax exemption for the Areba Property.

During 1999, Debtor acquired the property located at 5732 Wheatley, Houston, Texas (the "Wheatley Property").  The Wheatley Property was a vacant lot when Debtor acquired it. Debtor testified that, beginning in 2001, he constructed a house on the Wheatley Property.  He testified that construction of the house is approximately ninety percent complete.

Debtor testified that he resides at the Wheatley Property several nights per week.  He testified that his wife rents a three bedroom apartment, and that he spends several nights per week residing in that apartment.  He testified that he maintains one of the bedrooms in the apartment as an office.  He testified that the Wheatley property has one room fully enclosed,

and has a hot plate for cooking.  He testified that he acquired a small refrigerator for the Wheatley property during November, 2005.

On October 20, 2005, approximately ten months after the date of filing of the petition in the instant case, Debtor filed documents with the Harris County Appraisal District seeking to remove the residential homestead exemption with respect to the Areba Property, and seeking to establish that the Wheatley Property is his residential homestead.

In the petition in the instant Chapter 13 case, Debtor lists his home address as the Wheatley Property.  Debtor's initial schedules, filed with the petition in the instant case, list several parcels of real property, including the Areba property (with a listed value of zero) and the Wheatley Property. Debtor's initial schedules claim the Wheatley property as exempt. (Docket No. 1).

Debtor filed an amended Schedule C on September 27, 2005.  In the amended Schedule C, Debtor claims that the value of the Wheatley property is $50,000.

On October 6, 2005, Tabitha West, a judgment creditor of Debtor, whose judgment was abstracted in the real property records of Harris County, filed the instant objection to Debtor's claim of exemptions as to the Wheatley Property.  West asserts that Debtor and his wife have never resided on the Wheatley

Property and have no current intent to make it their homestead.

On December 8, 2005, after the hearing on the instant motion had concluded, Debtor has filed an amended Schedule A. In the amended Schedule A, Debtor lists his ownership interest in the Wheatley Property, but omits any interest in the Areba Property.

<u>Conclusions of Law</u>

A Chapter 13 debtor is required to file a schedule of assets. Bankruptcy Rule 1007(b)(1). The schedule of assets must be verified or contain an unsworn declaration under penalty of perjury. Bankruptcy Rule 1008. The schedule of assets must include all property of the bankruptcy estate. Bankruptcy Rule 1007(b)(1). The schedules must list the property claimed as exempt. Bankruptcy Rule 4003(a). A party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors is concluded. Bankruptcy Rule 4003(b). The objecting party has the burden of proving that the exemptions are not properly claimed. Bankruptcy Rule 4003(c). After hearing on notice, the court shall determine the issues presented by the objection. Bankruptcy Rule 4003(c).

Notwithstanding that the objecting party bears the ultimate burden of proof under Bankruptcy Rule 4003(c), the party asserting a homestead exemption has the initial burden of establishing that the property qualifies as a homestead.

Under Texas law, "the proof of a homestead must show use for some purpose of a home." The exemption extends not only to land which is in actual use for such purposes but also to property which is intended to be used as a homestead in the near future. The mere intention to occupy the land at some future date is insufficient to impress upon it a homestead character. In the absence of actual occupancy, a property may still be considered homestead if the debtor's intent is coupled with some overt act of preparation. Clark v. Salinas, 626 S.W.2d 118 (Tex. App.--Corpus Christi 1981, writ ref. n.r.e.).

This is accomplished under Texas law by presenting evidence of both (i) overt acts of homestead usage and (ii) an intent to claim the land as a homestead. In re Perry, 345 F.3d 303 (5th Cir. 2003).

The exemptions claimed are determined based on the facts and the law as they exist on the date of filing of the bankruptcy petition. In re Zibman, 268 F.3d 298 (5th Cir. 2001).

While occupying one property as homestead, a person cannot establish a homestead right in a second property by "'attempting to live there in the future.'" Caulley v. Caulley, 806 S.W.2d 795 (Tex. 1991).

In the instant case, Debtor's testimony indicates both usage of the Wheatley Property as a home, and an intent to claim the Wheatley Property as a homestead, as of the petition date.

Thus determination of whether Debtor is entitled to an exemption in the Wheatley Property turns on the question of whether Debtor established a homestead right in the Areba Property.

Under Texas law, a person may designate a homestead, by filing a written designation with the county clerk of the county in which the property is located.  Tex. Prop. Code § 41.005.  Such a designation is binding on a debtor in bankruptcy.  In re Kennard, 970 F.2d 1455 (5th Cir. 1992).

The filing of an application for a residential homestead tax exemption is not conclusive on the question of whether a property is a residential homestead exempt from seizure pursuant to the Texas Constitution.  Farrington v. First National Bank of Bellville, 753 S.W.2d 248 (Tex. App.--Houston [14th Dist.] 1988, writ den.).

Debtor's uncontroverted testimony is that he did not occupy the Areba Property after 2000.  The court concludes that neither Debtor's continued ownership of an interest in the Areba Property nor his application for a residential homestead tax exemption for the Areba Property prevents Debtor from claiming the Wheatley Property as exempt.[1]

However, resolution of the question of whether Debtor may claim the Wheatley Property as exempt does not fully complete

---

[1] The court notes, however, that this conclusion may result in a reassessment of taxes previously determined as to the Areba Property.

6

the requirement, under Bankruptcy Rule 4003, that the court determine all the issues presented by the instant objection.

Under Texas law, a contract for deed, unlike a mortgage, allows the seller to retain title to the property until the purchaser has paid for the property in full. <u>Flores v. Millennium Interests, Ltd.</u>, --- S.W.3d ----, 2005 WL 2397521, 48 Tex. Sup. Ct. J. 1060 (Tex. 2005). Thus, in the instant case, although Debtor testifies that he believes he has no interest in the Areba Property, his sale of the property to Rayford on a contract for deed makes clear that Debtor retains an interest in the Areba Property. That interest is non-exempt property of the bankruptcy estate, <u>see</u> 11 U.S.C. § 541, and must be considered in the formulation of, and determination as to confirmation of, a Chapter 13 plan.

Accordingly, in addition to determining that the Wheatley Property is Debtor's homestead, the court concludes that Debtor must amend his schedules to properly reflect his interest in the Areba Property, must amend his schedules and statement of financial affairs to properly reflect the pending litigation between Debtor and Rayford with respect to the Areba Property and any payments received from Rayford with respect to the Areba Property, and must notify the Harris County Appraisal District of his claim of exemption in this case as to the Wheatley Property. Also, Debtor must amend his plan to provide for payment to

unsecured creditors sufficient to meet the requirements of Section 1325(a)(4), taking into consideration the Debtor's retained interest in the Areba Property and other non-exempt property which would be available for distribution to creditors in a case under Chapter 7 of the Bankruptcy Code.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on January 9, 2006.

*[signature]*

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE